IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:15-cv-24026-KMM

TONY PARETS,

    Plaintiff,

v.

UNITEDLEX CORPORATION, and
MIAMILEX LEGAL SOLUTIONS, INC.

    Defendants.
_____/

## ORDER ON MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS

THIS CAUSE came before the Court upon Plaintiff's Motion for Approval of Attorneys' Fees and Costs (ECF No. 31). Defendants filed a Response (ECF No. 32) stating that Defendants take no position with regard to the instant Motion. Accordingly, the Matter is now ripe for review. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

**I.  Entitlement**

Plaintiff brought this action against Defendants under the Fair Labor Standards Act. *See* Compl. (ECF No. 1). The Parties settled this action for $9,748.44, of which $748.44 is to go to Plaintiff for unpaid overtime, and $9,000 of which is to go to Plaintiff's counsel as attorneys' fees and costs. Mot. For Atty's Fees (ECF No. 29).

The FLSA provides for the recovery of attorneys' fees by a prevailing plaintiff. 29 U.S.C. § 216(b). An award of attorneys' fees and costs under § 216(b) is mandatory; if the plaintiff prevailed, as he did here, the Court must award fees and costs. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). Thus, Plaintiff is entitled to recover

his reasonable fees and costs as a matter of law, and the only issue that remains is the amount of recovery.

## II. Amount of recovery

Plaintiff appears to seek $8,169.03 in attorneys' fees and $830.97 in costs, incurred in bringing this action. Plaintiff contends that the three law firms associated with Plaintiff's case actually billed a combined total of $13,530.97, which they reduced by approximately 33% to $9,000 as part of the settlement.

### a. Attorneys' fees

In the Eleventh Circuit, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), and *Hensley v. Eckhart*, 461 U.S. 424 (1983) provide the framework for awarding attorneys' fees to prevailing plaintiffs. The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate, resulting in a "lodestar" amount. *Hensley*, 461 U.S. at 533; *Norman*, 836 F.2d at 1299. The burden of establishing the reasonableness of the number of hours expended and the hourly rate lies with the plaintiff. *Hensley*, 461 U.S. at 433; *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The plaintiff must therefore supply detailed evidence of the hourly rates and time expended so that the Court may properly assess the time claimed for each activity. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The determination of reasonableness lies in the sound discretion of the trial court. *Norman*, 836 F.2d at 1303. Further, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry" as "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434. It is against this backdrop that the Court undertakes its analysis.

As a preliminary matter, Plaintiff fails to include any relevant information on the firm of

Leeds Brown, which Plaintiff claims handled intake in the matter. As such, the Court finds it appropriate to eliminate the $400 Plaintiff seeks to recover for his attorneys at Leeds Brown.

i. **Reasonable hourly rate**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation. *Norman*, 836 F.2d at 1299. As previously stated, Plaintiff has the burden of supplying the Court with sufficient information about his attorneys to support the hourly rates requested. *Norman*, 836 F.2d at 1303. Plaintiff seeks an hourly associate rate of $195 to $250 per hour, an hourly partner rate of $325 to $395 per hour, and an hourly staff rate of $75 per hour for his attorneys at Virginia & Ambinder LLP ("V&A"). Plaintiff also seeks an hourly partner rate of $350 to $425 per hour and an hourly paralegal rate of $100 per hour for his attorneys at Damien & Valori LLP ("D&V").

Plaintiff submits an Affirmation of Lloyd Ambinder in support of its Motion. *See* Affirmation of Lloyd Ambinder (ECF No. 31-2). Mr. Ambinder provides background on the two partners and two paralegals from V&A who worked on Plaintiff's FLSA case. *Id.* He also states that other district courts have found the V&A hourly rates to be reasonable. *Id.* Mr. Ambinder also provides background on the two partners from D&V who worked on this case, but provides no prior cases in which the court holds the D&V rate is reasonable. *Id.* Considering this information, and relying on the Court's own judgment and expertise, *see Norman*, 836 F.2d at 1303, the Court finds the following rates to be reasonable: (1) $325 partner rate; (2) $195 associate rate; (3) $75 staff rate.

ii. **Hours reasonably expended**

In seeking its fees, plaintiff's counsel must exercise "billing judgment," that is, counsel

3

must exclude hours that would be unreasonable to bill a client, and therefore to one's adversary. *Norman*, 836 F.2d at 1301. Additionally, the Court must exercise its own judgment in evaluating a claim for fees. *Id.* at 1301–2. In doing so, the Court must exclude "excessive, redundant or otherwise unnecessary" hours from its calculation of hours reasonably expended. *Blue Water Marine Servs., Inc. v. M/Y Natalita III*, No. 08-20739, 2010 WL 1339265, *7 (S.D. Fla. Feb. 2, 2010) (citing *Norman*, 836 F.2d at 1301).

Plaintiff has provided billing records for two of the three law firms retained in the matter (ECF No. 13-1). After careful review of the records, the Court finds that the use of two law firms to handle the post-intake work on this relatively simple FSLA case was entirely unnecessary. Accordingly, the Court makes the following specific reductions to counsels' redundant or excessive billing:

V&A:

- 9/21/2015 JR—eliminate 1.00 hour ($195 associate rate)
- 10/14/2015 JM—eliminate 0.70 hours ($325 partner rate)
- 10/15/2015 LRA—eliminate 0.80 hours ($325 partner rate)
- 10/26/2015 JM—eliminate 1.00 hour ($325 partner rate)
- 12/15/2015 LRA—eliminate 0.10 hours ($325 partner rate)
- 1/5/2016 LRA—eliminate 4.50 hours ($325 partner rate)
- 1/25/2016 LRA—eliminate 2.20 hours ($325 partner rate)

D&V:

- 10/30/2015 RML—eliminate 0.20 ($325 partner rate)
- 11/19/2015 RML—eliminate 0.50 ($325 partner rate)
- 12/7/2015 PFV—eliminate 0.20 ($325 partner rate)

- 12/8/2015 RML—eliminate 0.20 ($325 partner rate)

- 12/16/2015 RML—eliminate 0.10 ($325 partner rate)

- 12/22/2015 PFV—eliminate 0.20 ($325 partner rate)

- 1/4/2016 PFV—eliminate 0.50 ($325 partner rate)

Based on the adjusted hourly rates and the reduced hours expended, the V&A partners are owed $3,217.50 ($325 x 9.9), V&A associates are owed $2,125.50 ($195 x 10.9), and V&A paralegals are owed $52.50 ($75 x 0.7). D&V partners are owed $1365 ($325 x 4.2), and D&V paralegals are owed $15 ($75 x 0.20). Accordingly, the lodestar amount is $6,775.50.

    iii.    **Adjustments**

The Court finds that the amount at stake for the Plaintiff in this FLSA action renders the fees even as reduced unreasonable. Plaintiff's Statement of Claim demands $508.44 in unpaid wages, plus $508.44 in liquidated damages. Of the $1016.88, Plaintiff recovered only $748.44. Further, counsel filed no dispositive motions, and indeed drafted only the Complaint, Statement of Claim, and Settlement Agreement. As previously stated, the Court finds it wholly unnecessary to employ three law firms which put to work four partners, three associates, as well as paralegals and other support staff, to litigate this routine matter that counsel claims expertise in. Based on the foregoing, Court finds it appropriate to further reduce the lodestar by 33%, the amount Plaintiff originally agreed to reduce his claimed attorneys' fees in the settlement. *See* Mot. for Approval of Attn'ys Fees & Costs (ECF No. 31). Accordingly, the Court holds that Plaintiff is owed $4,539.59 in reasonable attorneys' fees.

  b.  **Costs**

As with attorneys' fees, Plaintiff is entitled to recover his costs pursuant to the FLSA. 29 U.S.C. § 216(b) (providing for the recovery of "costs of the action"). Plaintiff seeks to recover a

total of $830.97 consisting of court fees and fees associated with applications to appear pro hac vice. The Court finds that these costs are true and reasonable on their face, and thus Plaintiff may recover $830.97 in costs.

### III. Conclusion

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Approval of Attorneys' Fees & Costs (ECF No. 31) is GRANTED IN PART and DENIED IN PART. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant for $5,370.56, representing $4,539.59 in attorneys' fees and $830.97 in reasonable costs. This case shall remain CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of February, 2016.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record